# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv112

| | |
|---|---|
| AURORA LOAN SERVS., LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LONDO R. LINK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on plaintiff Aurora Loan Services, LLC's Motion to Remand (Doc. No. 4) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 5).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the

court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The defendant was mailed a copy of the M&R informing him of the 14-day objection dealine, along with a copy of the notice of electronic filing stating that he had until April 30, 2010, to object to the M&R.

After a careful review of the record in this case, the Court finds that the Magistrate Judge's recommendations are consistent with and supported by law. Thus, the Court hereby adopts the M&R of the Magistrate Judge as the final decision of this Court for all purposes in this case.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Aurora Loan Services, LLC's Motion to Remand (Doc. No. 4) is **GRANTED**, and this matter is hereby **REMANDED** to the Superior Court of Mecklenburg County.

**SO ORDERED.**

Signed: May 6, 2010

Robert J. Conrad, Jr.
Chief United States District Judge